## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

LIN, et al.,
      Plaintiffs,

      v.

BRENNAN, et al.,
      Defendant.

No. 3:07cv1658 (SRU)

### RULING ON MOTION TO FILE SUPPLEMENTAL COMPLAINT

This action was first filed on November 13, 2007.  On November 15, 2011, then-District Judge Christopher F. Droney granted a motion for partial summary judgment.  Thereafter, on December 21, 2011, the case was transferred to me.

On February 14, 2012, the plaintiffs filed a motion to file a supplemental complaint, and a motion for prejudgment attachment.  Doc. 136.  In their motions, the plaintiffs alleged that the defendants had engaged in fraudulent transfers in response to the underlying lawsuit.  The defendants opposed the motions on timeliness grounds.  For the reasons stated below, the motion to file a supplemental complaint is **GRANTED**.  The motion for prejudgment remedy is taken under advisement.

## I.     Background

The defendants in this case are the Mianus River Tavern, LLC ("the Tavern"), Thomas Brennan, and Elias B. Reynolds (collectively, "the defendants").  The plaintiffs are Dehua Lin, Xiufang Wu, and Guo Chen (collectively, "the plaintiffs").

Brennan and Reynolds employed the plaintiffs through their LLC, Mianus River Tavern LLC, between 1998 and 2007.  During the course of the plaintiffs' employment, Brennan and Reynolds allegedly withheld overtime pay from the plaintiffs, and in the months before the Tavern closed in May 2007, the defendants allegedly failed to pay the workers any wages at all.

In the fall of 2007, the plaintiffs filed suit for their back wages and overtime.  On November 15, 2011, Judge Droney granted the plaintiffs' motion for partial summary judgment against Brennan and Reynolds.  The Court concluded that the defendants were employers of the plaintiffs under the Fair Labor Standards Act and Connecticut Minimum Wage Act, and had violated those Acts by failing to pay the plaintiffs overtime and other wages.

During the course of the litigation, the defendants allegedly transferred a number of assets.  On September 15, 2008, Reynolds allegedly transferred his half-interest in a single-family home to his wife, Maureen O. Reynolds, for no consideration via a quitclaim deed.  In 2009, Reynolds allegedly abandoned his interest in a joint deposit account, an account he had previously shared with his wife.  Finally, on November 15, 2010, Brennan and Todd Zubrinsky allegedly transferred property to TB & TZ, LLC, a Connecticut limited liability company whose principal members are Brennan and Zubrinsky.

## II.   Standard of Review

Under Rule 15(d) of the Federal Rules of Civil Procedure, a party is permitted "to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d).

"[T]he discretion exercised by the court in deciding whether to grant leave to amend is similar to that exercised on a motion for leave to file a supplemental pleading."  *See Novak v. Nat'l Broad. Co., Inc.*, 724 F. Supp. 141, 145 (S.D.N.Y. 1989) (holding that "the same standards apply" to Rule 15(a) and Rule 15(d) motions).  Consequently, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  There are several limitations to this standard.  Specifically, leave to file a supplemental complaint "may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of

the amendment, futility of the amendment, etc.'" *Ruotolo v. City of New York*, 514 F.3d 184, 191

(2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

**III.    Discussion**

The defendants argue that the plaintiffs' motion to file a supplemental complaint should be

denied because any supplemental pleading would be barred by the relevant statute of limitations,

and therefore be futile.  Actions brought pursuant to Conn. Gen. Stat. § 52-552e must be brought

"within four years after the transfer was made or the obligation was incurred or, if later, within one

year after the transfer or obligation was or could reasonably have been discovered by the claimant."

Conn. Gen. Stat. § 52-552j(1)-(2) (1991).  Likewise, actions brought under Conn. Gen. Stat. § 52-

552f(a) must be brought "within four years after the transfer was made or the obligation was

incurred."  Conn. Gen. Stat. § 52-552j(2) (1991).

The plaintiffs have brought claims pursuant to Conn. Gen. Stat. § 52-552e as well as Conn.

Gen. Stat. § 52-552f(a).  The relevant transfers took place in September 2008, 2009, and 2010, and

the plaintiffs filed their motion in February of 2012.  Because the plaintiffs' motion was filed within

four years of every relevant transfer, the plaintiffs' claims are not barred by the statute of

limitations, and are therefore not futile.

The defendants do not allege that the plaintiffs' supplemental pleading was made in bad

faith, evidenced undue delay or a dilatory motive, or is unduly prejudicial.

**IV.    Conclusion**

For the reasons stated above, the motion to file a supplemental complaint, doc. 136, is

**GRANTED**.  The motion for prejudgment remedy, doc. 136, is **TAKEN UNDER**

**ADVISEMENT**.  It is so ordered.  Dated at Bridgeport, Connecticut, this 16th day of August 2012.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge

- 3 -